IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN KEITH IRONROAD,<br><br>Defendant. | Case No. 1:14-CR-00239<br><br>UNITED STATES' RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY |

The United States of America, by Christopher C. Myers, Acting United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, does hereby file this response in opposition of Defendant's motion to exclude expert testimony.

**FACTS**

On November 22, 2014, at approximately 11:00 PM, Todd LeBeau and Duane His Chase witnessed a stabbing assault that resulted in the death of Clay Hagel. Both LeBeau and His Chase reported to law enforcement that the assailant came into the residence, entered the kitchen/dining area and was wearing dark clothing, gloves, a face mask, and had the hoodie of his sweatshirt pulled over his head and cinched up tight around his face.

The assailant spoke for several moments to LeBeau and His Chase while demanding money at knife point. While the assailant was talking to LeBeau and His Chase, Hagel remained in the living room. At first LeBeau and His Chase thought the assailant was joking and began to laugh, which resulted in the assailant striking out at

His Chase with the knife.  His Chase blocked the knife with the coffee mug he was holding, which resulted in damage to the mug.

The assailant left the dining area and entered the living room, where he demanded money from Clay Hagel.  There was a scuffle and Hagel was stabbed twice.  As the assailant left the residence he told LeBeau and His Chase to "call the ambulance."

Defendant, Ryan Ironroad, was later identified as a suspect.  As a suspect, Ironroad was interviewed on multiple occasions by consent and on a voluntary basis. Those interviews were recorded by Special Agent Micah Ware and other assisting agents.

Because the only witnesses to the crime could not identify the face of the assailant, but heard the assailant's voice in close proximity to themselves just prior to, during and after the assault of Hagel, SA Ware inquired with LeBeau and His Chase if they could recognize the recording of Iroroad's voice as that of the assailant.

In two separate interviews, LeBeau and His Chase were asked to listen to a short segment of audio and both immediately, or almost immediately, identified the voice as belonging to the person who assaulted Hagel.  Neither LeBeau nor His Chase has any specialized education or training relevant to voice recognition.

### ARGUMENT

Defendant Ironroad seeks to exclude the testimony, specifically the lay witness opinions resulting in identifications of the defendant's voice in this case, from trial.  The government expects to call SA Ware who will give testimony, in part, providing context for the audio recording in which the defendant was a party.  The proposed testimony is

admissible lay opinion, not expert opinion, because it is based on the agents'

investigation and the opinions of lay witnesses based upon their rationally based

perceptions, not their training and experience.

Federal Rules of Evidence 701 states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

The United States has not filed an expert report declaring SA Ware, Lebeau or His

Chase as expert witnesses in regards to the interview that resulted in their identification

of the defendant's voice after hearing the recording. Rule 701 made it clear that any

testimony based on lay opinion must be rationally based on the witness's perception and

first-hand knowledge of the factual predicates that form the basis for the opinion.

In this case, the witnesses will testify that they heard the voice of the assailant on

the night of the fatal assault. Later they listened to a recording of a voice provided by the

investigator. After listening to the voice, they made the determination that the voice they

heard on the recording belonged to the person who fatally assaulted Hagel. They are,

simply put, lay witnesses who will offer an opinion based upon their rationally based

perceptions, that is helpful to the jury in determining a fact in issue, and they are not

trained, specially educated in voice recognition nor do they possess any specialized

knowledge to the extent that they can be deemed "expert" withnesses.

3

Their testimony is directly relevant to several elements that the United States carries the burden of proving.  Fed. R. Evid. 402.  While all evidence which does not favor the defendant is prejudicial in some capacity, their testimony is factual and is not unduly or unfairly prejudicial.  Fed. R. Evid. 403.  Further, defense counsel will have ample time to cross-examine the witnesses or to provide rebuttal witnesses.

If a witness is not testifying as an expert, his testimony in the form of opinions or inferences need only be rationally based on his perception and helpful to determination of a fact in issue.  Greenwood Ranches, Inc. v. Skie Const. Co., 629 F.2d 518 (8th Cir. 1980).

Moreover the testimony in the form of an opinion or inference must not be based on scientific, technical or other specialized knowledge within the scope of Rule 702, but rather must be the result of the types of experiences common to many human beings. State v. Brown, 836 S.W.2d 530, 549 (1992).  Whether a particular opinion or inference is in fact both rationally based and helpful naturally depends upon the facts of the case. This determination is made by the court, Rule 104(a).

### CONCLUSION

WHEREFORE, for all the reasons stated above, the United States respectfully requests that the defendant's motion to exclude expert testimony should be summarily denied.

4

Dated: May 15, 2015.

CHRISTOPHER C. MYERS
Acting United States Attorney

By:   */s/   Gary L. Delorme*
GARY L. DELORME
Assistant United States Attorney
P. O. Box 699
Bismarck, ND  58502-0699
(701) 530-2420
ND Bar Board ID No. 05845
Gary.Delorme@usdoj.gov
Attorney for United States

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

RYAN KEITH IRONROAD,

Defendant.

Case No. 1:14-CR-00239

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015, the following document(s):

UNITED STATES' RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION TO
EXCLUDE EXPERT TESTIMONY

was filed electronically with the Clerk of Court through ECF, and that ECF will send a
Notice of Electronic Filing (NEF) to the following:

Carey A. Goetz
cgoetz@bismarcklaw.com

Dated: May 15, 2015.

*/s/ Leigh Johnson*
LEIGH JOHNSON
Office of the United States Attorney